1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNWOOD CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>        Plaintiff,<br>v.<br><br>AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS, an Illinois corporation; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation; ARROWOOD INDEMNITY COMPANY, a Delaware corporation; GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; NATIONAL SURETY CORPORATION, an Illinois corporation; ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Connecticut  Corporation; THE FIRE & CASUALTY INSURANCE COMPANY OF CONNETICUT, a Connecticut corporation; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation<br><br>            Defendants | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES<br><br>JURY DEMAND |

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 1

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

Plaintiff Sunwood Condominium Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1     This is an action for declaratory judgment and money damages, seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under an insurance policy issued to the Association.

(B)     Damages for breach of contract and bad faith.

(C)     Attorneys' fees (including expert witness fees) and costs.

(D)     Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Tukwila, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Sunwood Condominium buildings located at 15100 Sunwood Blvd, Tukwila, WA (the "Project") for the common enjoyment of the unit owners.

2.2     <u>Aetna Casualty.</u>  Aetna Casualty and Surety Company of Illinois ("Aetna") was an Illinois corporation at the time when it issued insurance policies to the Association.  Aetna sold an insurance policy to the Association, which the Association believes to be Policy No. 081CQ 014803 and/or Policy No. 81 BY 100415263BCA (in effect from 6/28/87 to 6/28/88).  The Aetna policy identifies the Sunwood Condominium Association as the insured and covers the Sunwood Condominium buildings. Travelers Casualty and Surety Company (Travelers"), a Connecticut corporation, is the successor in interest to Aetna.  Travelers responded to the Association's claim on behalf of Aetna.

2.3     <u>American Casualty.</u>   American Casualty Company of Reading, Pennsylvania ("American Casualty") is a Pennsylvania corporation.  American Casualty sold Policy Nos. P8 00298106 and/or CD0501045070 (in effect from 6/28/88 to 6/28/92) to the Association.  The American Casualty policies identify the Sunwood Condominium Association as the insured and cover the

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 2

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

Sunwood Condominium buildings.  CNA Insurance Company is an Illinois corporation, and on information and belief is the successor-in-interest to American Casualty.  CNA has responded to the Association's claim on behalf of American Casualty.

2.4     Arrowood Indemnity.   Arrowood Indemnity Company ("Arrowood Indemnity") is a North Carolina corporation. On information and belief Arrowood is the successor-in-interest to Fire & Casualty.  Arrowood Indemnity has responded to the Association's claim on behalf of Fire & Casualty.

2.5     Fire & Casualty.  The Fire & Casualty Insurance Company of Connecticut ("Fire & Casualty") is a Connecticut Corporation.  Fire & Casualty sold Policy No. BAC 857956 (in effect from 5/11/83 to 5/11/85) to the Association.  On information and belief the Fire & Casualty policy identifies the Sunwood Condominium Association as the insured and covers the Sunwood Condominium buildings.  Arrowood Indemnity Company ("Arrowood"), a Delaware corporation is believed to the successor-in-interest to Fire & Casualty.  Arrowood responded to the Association's claim on behalf of Fire & Casualty.

2.6     General Insurance.  General Insurance Company ("General") is a New Hampshire corporation.  General sold Policy No. CP 8441556 (in effect from 628/85 to 6/28/87) to the Association.  The General policy identifies the Sunwood Condominium Association as the insured and covers the Sunwood Condominium buildings.  Liberty Mutual Insurance Company ("Liberty"), a Massachusetts corporation, and is believed to be the successor in interest to General.  Liberty responded to the Association's claim on behalf of General.

2.7     Liberty Mutual.  Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation.  Liberty Mutual is the successor-in-interest to General Insurance.  Liberty Mutual has responded to the Association's claims on behalf of General Insurance.

2.8     National Surety.  National Surety Corporation ("National") is an Illinois corporation. National sold Policy Nos. DXX 80787240 (in effect from 8/19/01 to 8/19/02), MXX 80803798 (in effect from 8/19/02 to 8/19/03), MXX 80814413 (in effect from 8/19/03 to 8/19/04), MXX

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 3

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

80832068 (in effect from 8/19/04 to 8/19/05), MXX 80847013 (in effect from 8/19/05 to 8/19/06), MXX 80862459 (in effect from 8/19/06 to 8/19/07), MXX 80876565 (in effect from 8/19/07 to 8/19/08), collectively the "National Policies" as a group policy to Kappes Miller Risk Management LLC.  The National Policies identify the Association, and/or Sunwood Condominium as a named insured.  The National Policies identify the Sunwood buildings 15101 – 15278 as covered property.  The Association paid a premium for coverage under the National Policies.

2.9   St. Paul.  St. Paul Fire & Marine Insurance Company ("St. Paul") is and all material times has been, incorporated under the laws of Connecticut, and is a Minnesota corporation.  St. Paul sold insurance policies to the Association under what the Association believes to be Policy No. BC 08400237 (in effect from 6/28/97 to 6/28/00).   The St. Paul policies identify the Sunwood Condominium Association as the insured and cover the Sunwood Condominium buildings.  St. Paul is believed to be a subsidiary of the Travelers Insurance Group ("TIG").  TIG and/ or Travelers responded to the Association's claim on behalf of St. Paul.

2.10   Travelers.  Travelers Casualty and Surety Company ("Travelers"), is a Connecticut corporation. On information and belief Travelers is the successor-in-interest to Aetna Casualty and St. Paul.  Travelers has responded to the Association's claim on behalf of Aetna Casualty and St. Paul.

2.11   Sunwood Insurers.  Aetna Casualty, American Casualty, Arrowood Indemnity, Fire & Casualty, General Insurance, Liberty Mutual, National Surety, St. Paul, and Travelers shall be collectively referred to as the "Sunwood Insurers."

2.12   Sunwood Policies. The policies issued to the Association by the Sunwood Insurers shall be collectively referred to as the "Sunwood Policies."

2.13   Dilatory Insurers.  American Casualty, Arrowood Indemnity, Fire & Casualty, General Insurance, and Liberty Mutual, shall be collectively referred to as the "Dilatory Insurers."

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 4

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

### III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Sunwood Insurers all marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim including the breach of contract occurred in King County; and the insured condominium buildings are located in King County.

### IV. FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Sunwood Property</u>.  Sunwood Condominium Association is comprised of twenty-nine buildings, with each building having its own address or addresses.  The general address for Sunwood Condominium Association is 15100 Sunwood Boulevard, Tukwila Washington. Located within the Sunwood Condominium Association are two stucco clad buildings, located at 15249 & 15255 Sunwood Boulevard, Tukwila, Washington (Building A), and 15203 & 15209 Sunwood Boulevard, Tukwila, Washington (Building B).   Buildings A and B are the subject of this claim.

4.3     <u>J2 Initial Investigation.</u>  On  November 21-22, 2015, J2 Building Consultants ("J2"), the Association's forensic building envelope consultants, made seven preliminary investigative openings at Building A and Building B at Sunwood.   On December 2, 2014, J2 sent the Association a Findings Report Building Cladding Investigation ("Findings Report") which described hidden damage from weather conditions discovered during the preliminary investigation.  J2 recommended that "additional invasive investigation is warranted to determine the nature and extent of water intrusion and structural damage."

4.4     Tenders to Sunwood Insurers.  In December 2014 the Association tendered a claim to each of the Sunwood Insurers and asked each of them to investigate for hidden damage covered by its policies.

4.5     Joint Intrusive Investigation.  On March 31st and April 1st, 2015, the Association conducted a follow-up joint intrusive investigation with some of its insurers.  The investigation consisted of approximately 19 openings in and around Building A and Building B at Sunwood. On April 20, 2015 J2 issued a Building Envelope Investigation Report ("Building Report") which described hidden water damage to exterior sheathing and framing at 18 of 19 openings.  J2 attributed "the proximate cause of the hidden water damage to wind driven rain events."  With regards to timing, J2 found that "the hidden damage present at the Sunwood Condominiums occurred incrementally and progressively each year from 1979. During each storm event since 1979, wind driven rain penetrated the exterior cladding causing hidden damage to the sheathing and framing."  In addition, J2 found substantial impairment of structural integrity ("SSI") at portions of buildings A and B.

**V.     FIRST CLAIM:
DECLARATORY RELIEF THAT THE SUNWOOD POLICIES COVER: (1) HIDDEN DAMAGE CAUSED BY WATER INTRUSION, AND (2) THE RISK OF COLLAPSE OF ANY PORTION OF BUILDING A OR BUILDING B**

5.1     Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief.  The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

   a.   The Sunwood policies are all-risk policies covering every risk, peril, cause, and loss not excluded.  No exclusions, conditions, or limitations bar coverage under the Sunwood Insurers Policies for the damage to Building A and Building B of the Sunwood Condominiums.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 6

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

     b.     As a result the Sunwood Insurers Policies cover the cost of repairing the damage to Building A and Building B at the Sunwood Condominiums.

## VI.  SECOND CLAIM:
## AGAINST SUNWOOD INSURERS FOR BREACH OF CONTRACT

6.1    <u>Incorporation by Reference</u>.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    <u>Aetna, National, St. Paul, and Travelers Breach of Contract</u>.  Aetna, National, St. Paul, and Travelers had contractual duties under the terms of their policies to pay for the cost of repairing the covered damage to Building A and Building B of the Sunwood Condominiums.  Aetna, National, St. Paul, and Travelers breached their contractual duties by denying coverage and refusing to pay for the cost of repairing covered damage.

6.3    <u>Damages from Aetna, National, St. Paul, and Travelers</u>.  As a direct and proximate result of Aetna, National, St. Paul, and Travelers' breaches of their insurance contracts, the Association has been deprived of the benefits of its insurance coverage in an amount to be proven at trial. In addition, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to obtain the benefits of the Association's insurance contracts.

6.4    <u>Dilatory Insurers' Breach of Contract</u>.  Washington insurance regulations are considered part of the insurance contract.  *Jochim v. State Farm*, 90 Wn. App. 408, 411 (1998); *Suydam v. Reed Stenhouse of Washington*, 820 F.2d 1506, 1510 (9th Cir. 1987).  The Dilatory Insurers breached their insurance contracts by failing to promptly respond to the Association's tender, complete their investigations in a reasonable time, and make a prompt coverage decision.  Although it has been a year and a half since the Association tendered its claim, to date, the Dilatory Insurers still have not completed their investigations or made a coverage decision.  In addition, the Dilatory Insurers have breached their contracts of insurance by failing to promptly pay for the cost of repairing covered damage.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 7

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

6.5     Damages from the Dilatory Insurers.  As a direct and proximate result of the Dilatory Insurers' breaches of their insurance contracts, the Association has been deprived of the benefits of its insurance coverage in an amount to be proven at trial. In addition, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM:
### AGAINST NATIONAL SURETY AND THE DILATORY INSURERS FOR VIOLATIONS OF WASHINGTON CLAIM HANDLING STANDARDS

7.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and] a breach of the insurance contract.  The Dilatory Insurers violated Washington claim handling standards by:

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims, and failing to complete an investigation as soon as reasonably possible.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
- Refusing to pay claims without conducting a reasonable investigation.

7.3     As part of premium that it paid to its insurers, the Association was entitled to a prompt and reasonable investigation for hidden damage even if the investigation would be difficult and expensive.  The Dilatory Insurers' failure to investigate and make a timely claim decision violated Washington claim handling standards:

- Which required them to adopt and implement reasonable standards for the investigation of claims;
- Which require a reasonable investigation;

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 8

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation;
- Which require a prompt investigation;
- Which require insurers to be impartial and to treat the interests of the insured as equal to their own interests, without placing too much emphasis on the insurer's interests;

7.4   In its denial letter National Surety failed to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden water damage at Sunwood, and that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy. Instead, National Surety made no decision as to whether or not water damage or decay caused in part by weather conditions would be covered.  Yet, National Surety denied coverage for any and all hidden damage at Sunwood.  National Surety's conduct violated Washington claim handling standards:

- Which required it to fully disclose all pertinent coverages;
- Which prohibit misrepresentations regarding relevant facts (e.g. the causes of damage) or coverage;
- Which required it to construe ambiguities in facts, law, or policy language in favor of coverage;
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation;
- Which required National Surety and its adjusters, and independent adjusters to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on National Surety's interests.
- Which required National Surety to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 9

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

7.5     As a result of National Surety and the Dilatory Insurers' violations of Washington claim-handling standards, the Association has been damaged in an amount to be proven at trial.

## VIII.   FOURTH CLAIM:
## AGAINST NATIONAL SURETY AND THE DILATORY INSURERS FOR INSURANCE BAD FAITH

8.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.5, above, as if fully set forth herein.

8.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030.  An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

8.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim.  An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.  *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 792 P.2d 520 (1990); *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998) (property insurer may be liable for bad faith investigation into coverage issues even if coverage was properly denied).

8.4     A violation, if any, of one or more of the following Washington claim handling standards described in paragraphs 7.2 through 7.4 above is a breach of the duty of good faith.

8.5     The Dilatory Insurers breached their duties of good faith to the Association by unreasonably failing to promptly respond to the Association's claim, complete their investigations

AND DAMAGES - 10

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

1 in a timely manner, and make a prompt claim decision.  In addition, the Dilatory Insurers breached

2 their duties of good faith by unreasonably failing to pay for covered damage in a timely manner.

3 8.6     National Surety breached its duties of good faith to the Association by unreasonably

4 denying the Association's claim without a reasonable investigation and by failing to acknowledge:

5 that the experts who investigated the buildings found hidden water damage to exterior sheathing

6 and framing, that the damage was caused in part by weather conditions such as wind-driven rain,

7 that its policies cover damage caused by any combination of weather conditions and inadequate

8 construction, and that courts interpreting Washington law and similar policy language have found

9 coverage for similar damage.  National Surety violated WAC 284-30-330(13) and breached its

10 duty of good faith by failing to provide a reasonable explanation regarding how its policy language

11 supports a denial of the Association's claim.

12 8.7     As a direct and proximate result of these breaches of its duties of good faith the Association

13 has been damaged in an amount to be proven at trial.

14 8.8     As a direct and proximate cause of National Surety and the Dilatory Insurers' breaches of

15 its duty of good faith the Association has been damaged in any amount to be proven at trial.

### IX. FIFTH CLAIM:
### AGAINST NATIONAL SURETY AND THE DILATORY INSURERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

18 9.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 8.8,

19 above, as if fully set forth herein.

20 9.2     Violations of WAC claims handling standards are per se CPA violations. The conduct of

21 National Surety and the Dilatory Insurers was deceptive, impacted the public, and had the capacity

22 to deceive.  The Association is a consumer.  As a direct and proximate result of National Surety

23 and the Dilatory Insurers's CPA violations, the Association has been damaged in an amount to be

24 proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per

25 violation, and attorneys' fees under the CPA.

26

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 11

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

## X. SIXTH CLAIM: AGAINST NATIONAL SURETY FOR IFCA VIOLATIONS

10.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 9.2, above, as if fully set forth herein.

10.2   The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Pursuant to the Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA"), the Association provided written notice to National Surety of its IFCA cause of action and explained in detail why National Surety's coverage denial was unreasonable, National Surety failed to resolve the basis for the Association's IFCA claim within twenty days of the Association's notice.

10.3   As a result of National Surety's failure to cure the basis for the Association's IFCA claim, the Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increase the total award of damages to an amount not to exceed three times the actual damages."

## XI. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

11.1   Declaratory Judgment Regarding Coverage. A declaratory judgment that the Sunwood Policies provide coverage as described herein.

11.2   Money Damages. For money damages in an amount to be proven at trial.

11.3   Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

11.4   CPA Penalties. For CPA Penalties of up to $25,000 per violation.

11.5   Enhanced IFCA Damages. For a discretionary award of enhanced IFCA damages that "increase the total award of damages to an amount not to exceed three times the actual damages."

11.6   Other Relief. For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 12

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

**XII.   DEMAND FOR JURY TRIAL**

12.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 29th day of June, 2016.

                STEIN, SUDWEEKS & HOUSER, PLLC

                /s/ Justin Sudweeks
                /s/ Daniel Houser
                /s/ Daniel Stein
                Justin Sudweeks, WSBA 28755
                Daniel S. Houser, WSBA 32327
                Daniel Stein, WSBA 48739
                Stein, Sudweeks & Houser, PLLC
                2701 First Avenue, Suite 430
                Seattle, WA 98121
                Telephone: 206-388-0660
                Fax: 206-286-2660
                Justin@condodefects.com
                dhouser@condodefects.com
                dstein@condodefects.com
                Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES - 13

STEIN, SUDWEEKS & HOUSER, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660