THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNWOOD CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, *et al.*,<br><br>Defendants. | CASE NO. C16-1012-JCC<br><br>ORDER |

This matter comes before the Court on the motion to compel by Defendant St. Paul Fire & Marine Insurance Company (Dkt. No. 48) and the motions for protective order by Plaintiff Sunwood Condominium Association (Dkt. Nos. 54, 55). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and, for the reasons explained herein, DENIES the motion to compel (Dkt. No. 48) and GRANTS the motions for protective order (Dkt. Nos. 54, 55).[1]

//

---

[1] The Court also GRANTS the motions for joinder by Defendant State Farm Fire and Casualty (Dkt. No. 53; *see also* Dkt. No. 66) and Defendants General Insurance Company and Liberty Mutual Insurance Company (Dkt. No. 65).

ORDER
PAGE - 1

# I. BACKGROUND

This is an insurance dispute. The underlying property is a condominium building maintained by Plaintiff Sunwood Condominium Association. (Dkt. No. 1 at 2.) Defendants are companies that at one time insured the building. (*See id.* at 2-4.)

On August 21, 2012, Sunwood hired non-party J2 Building Consultants to diagnose building leaks and associated damage. (Dkt. No. 50 at 6.) J2 found high moisture content and water damage that needed to be repaired. (*Id.*) On December 2, 2014, J2 prepared a findings report describing hidden damage from weather conditions. (Dkt. No. 1 at 5; Dkt. No. 52-1 at 1.) On April 20, 2015, J2 prepared a second report attributing the damage to "wind driven rain events." (Dkt. No. 1 at 6; Dkt. No. 52-1 at 6, 9.)

Sunwood tendered claims to each of the Defendant insurers. (Dkt. No. 1 at 6.) Defendants denied the claims. (*See id.* at 7.)

On June 29, 2016, Sunwood brought suit, seeking declaratory relief and damages for breach of contract, insurance bad faith, and violations of Washington's claim handling standards, Insurance Fair Conduct Act, and Consumer Protection Act. (Dkt. No. 1 at 6-12.)

Defendant St. Paul Fire & Marine Insurance Company now seeks to compel J2 to appear at a Rule 30(b)(6)[2] deposition to testify about the 2014 and 2015 reports. (Dkt. No. 48 at 1-2.)

Sunwood and J2 oppose this request to the extent that St. Paul seeks Rule 30(b)(6) testimony about the opinions in the reports, as opposed to just factual testimony. (*See* Dkt. No. 55 at 2.) Sunwood and J2 assert that no current J2 employee has personal knowledge as to the opinions in the reports, but that Kris Eggert—the former J2 employee who prepared the reports—will testify as an expert witness. (Dkt. No. 61 at 1-2.) Sunwood also seeks a protective order as to (1) the timing of Eggert's deposition, postponing it until after he has produced his expert report and (2) the scope of J2's Rule 30(b)(6) deposition, limiting it to factual testimony and narrowing the categories in St. Paul's subpoena. (Dkt. No. 54 at 1; Dkt. No. 55 at 1-2.)

---

[2] Fed. R. Civ. P. 30(b)(6).

## II. DISCUSSION

### A. Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

On a motion for a protective order, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### B. Analysis

Despite the fact that it will have the opportunity to depose Eggert—the employee who prepared the reports and can personally testify to the basis of the opinions therein—St. Paul insists that J2 produce a 30(b)(6) witness to opine on those reports. (Dkt. No. 48 at 7-9.)

A Rule 30(b)(6) deposition is not necessarily cumulative if an individual deponent also testifies about the topics in the 30(b)(6) notice. *See Mitchell Eng'g v. City and County of San Francisco*, 2010 WL 455290 at *1 (N.D. Cal. Feb. 2, 2010) ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not."). This is because a corporation's position and an individual's position are distinct: an individual's testimony binds only that person, while a 30(b)(6) deposition binds the corporate entity. *See Appleton Papers Inc. v. George A. Whiting Paper Co.*, 2009 WL 2870622 at *2 (E.D. Wis. Sep. 2, 2009) ("Corporate designees are commonly produced, and no doubt some of their testimony may be a re-hash of what's been covered elsewhere, but their testimony is the testimony of the corporation itself, and for that reason alone it may not be duplicative.").

The need to discover an entity's position makes sense in certain contexts, such as when that entity is the opposing party. *See, e.g.*, *Louisiana Pacific Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481 (N.D. Cal. 2012); *Kelly v. Provident Life and Accident Insurance Co.*, 2011 WL 2448276 (S.D. Cal. June 20, 2011). Here, though, J2 is not a party to the suit. Sunwood does not intend to call it as a witness. The touchstone of discovery is relevance. Where a non-party's corporate position is neither sought nor offered, the Court fails to see why such a position would have any bearing on the case.

The Court acknowledges that Sunwood heavily relies on J2's reports in alleging that Defendants wrongly denied its claims. (*See* Dkt. No. 1 at 5-6.) But this fact is not dispositive. The crucial issue is whether the damage is covered by the insurance policies—a question upon which Eggert is in the best position to opine. *Cf. Sierra Club v. BNSF Railway Co.*, 2016 WL 4528452 at *3 (W.D. Wash. Aug. 30, 2016) ("The Court agrees that the experts who have drafted the expert reports in question are better qualified to testify about their contents than a Rule 30(b)(6) witness."); *see also Boyer v. Reed Smith, LLP,* 2013 WL 5724046 at *3 (W.D. Wash. Oct. 21, 2013) (approving Rule 30(b)(6) witness's decision not respond to questions that sought expert opinion).

The Court similarly rejects St. Paul's argument that no expert report is required because Eggert prepared the J2 reports before litigation commenced. (*See* Dkt. No. 62 at 6-7.) This conflates the work product doctrine with the expert report requirement. *Compare* Fed. R. Civ. P. 26(b)(3)(A) (prohibiting discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative") *with* Fed. R. Civ. P. 26(a)(2)(B) (requiring a written report if "the witness is one retained or specially employed to provide expert testimony in the case"). The issue here is not privilege, but whether Eggert has been retained as an expert witness—which he has. St. Paul also uses the expert report requirement as a sword, rather than the shield it is intended to be. Rule 26 creates a duty to produce such reports for the opposing party's benefit; it is not a tool for skirting the reasonable

timeline of expert depositions. The motion to compel (Dkt. No. 48) is DENIED.

Because Eggert will be testifying as an expert and not as a Rule 30(b)(6) deponent, his deposition shall not be held until he has disclosed his expert report. *See* Fed. R. Civ. P. 26(b)(4)(A) ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."). The motion for protective order as to timing (Dkt. No. 54) is thus GRANTED.

The Court further GRANTS the motion for protective order as to scope (Dkt. No. 55). Eggert's expert testimony is the more appropriate method for exploring the basis for his opinions; thus, J2's 30(b)(6) deposition shall be limited to factual testimony.

Regarding Categories 8 and 9 of St. Paul's subpoena, the Court agrees with Sunwood that they are unduly burdensome and seek irrelevant information. Category 8 requests all J2 reports assessing weather-related damage created since January 2010, regardless of their relation to this case. (Dkt. No. 56-1 at 10.) Category 9 requests all documents related to any testimony given by a J2 employee about weather-related damage, again regardless of their relation to this case. (*Id.* at 10-11.) Given that Sunwood will not be calling J2 as a witness, the Court sees no reason to compel J2 to prepare a deponent on these subjects, particularly where it would be onerous for the company to do so. (*See* Dkt. No. 58 at 3-6.)

Categories 10 and 11 pertain to claims of substantial impairment of structural integrity (SSI). (Dkt. No. 56-1 at 11.) Although Sunwood mentions SSI in the facts section of its complaint, none of its claims are based on this issue. (*Compare* Dkt. No. 1 at 5-6 *with id.* at 6-12.) Sunwood's briefing confirms that it is not pursuing an SSI claim.[3] (Dkt. No. 55 at 12.) Because SSI is not at issue in this case, J2 shall not be required to produce a deponent prepared to testify on this subject.

---

[3] St. Paul agreed not to pursue Categories 10 and 11 if Sunwood amended its complaint or otherwise issued a clear, signed withdrawal of its SSI claim. (Dkt. No. 62 at 16.) Although Sunwood has not done so, the Court takes Sunwood at its word that it will not pursue such a claim. Sunwood will not be permitted to later ambush St. Paul by alleging such a claim.

## III. CONCLUSION

Discovery disputes are highly disfavored. This dispute in particular was not a good use of party or Court resources. Going forward, the Court instructs the parties to be more reasonable and cooperative. Any briefing on this issue was of questionable necessity; it certainly should not have taken seven briefs for this to be resolved.

For the foregoing reasons, the Court DENIES the motion to compel (Dkt. No. 48) and GRANTS the motions for protective order (Dkt. Nos. 54, 55). The Court also GRANTS the motions for joinder (Dkt. Nos. 53, 65).

DATED this 2nd day of May, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE