UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

 SUNWOOD CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

                        Plaintiff,

              v.

NATIONAL SURETY CORP. *et al.*,

                        Defendants.

CASE NO. C16-1012-JCC

ORDER

This matter comes before the Court on National Surety Corporation's motion for reconsideration (Dkt. No. 118). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.     BACKGROUND

The Court ruled on separate cross-motions for summary judgment between Plaintiff and Defendant insurers National Surety Corporation ("NSC") and St. Paul. (Dkt. No. 116.) Both insurers' policies include a two-year suit limitation period triggered "when damage or loss occurs." (Dkt. Nos. 80-1 at 20; 83-2 at 7.) Plaintiff moved for summary judgment on each Defendant's suit limitation clause defense, and Defendants presented distinct legal and factual arguments in response. (Dkt. Nos. 79, 82.) NSC opposed summary judgment on its limitation

clause defense through the legal argument that principles espoused in *Panorama Village Condo Ass'n Bd. Of Dirs. v. Allstate Ins. Co.* apply only to collapse cases. Under this theory, NSC maintained that the "hidden" nature of Plaintiff's loss was irrelevant, and its suit limitation clause began to run when policy coverage expired in 2008. (Dkt. No. 88 at 10.) The Court rejected this argument. (*See* Dkt. No. 116 at 11–12.) NSC presented no evidence to create a factual dispute under the legal standard the Court endorsed. (*See id*. at 11.) In contrast, St. Paul presented evidence regarding exposure of hidden damage sufficient to create a dispute of fact about when the Association's loss occurred. On this basis, the Court granted Plaintiff summary judgment on NSC's suit limitation clause, but denied summary judgment on St. Paul's suit limitation clause defense. NSC now asks the Court to reconsider and reinstate its suit limitation defense.

## II. DISCUSSION

"Motions for reconsideration are disfavored" and will be granted only on a showing of (1) manifest error or (2) new facts or law that could not have been brought to the attention of this court earlier with reasonable diligence. LCR 7(h)(1). NSC does not present new facts or law, nor does it claim manifest error. Rather, NSC argues the Court should reconsider its summary judgment order on the basis of fairness and consistency. (Dkt. Nos. 118 at 1, 123 at 4.)

First, NSC argues that its suit limitations defense should be reinstated because St. Paul proffered evidence sufficient to establish an issue of fact for trial, and the parties are similarly situated. (Dkt. Nos. 118 at 2, 123 at 2.) However, NSC failed to offer argument or evidence to rebut the Association's showing at summary judgment that its loss was not exposed until 2014. (*See* Dkt. No. 116 at 11.) On summary judgment, a court has discretion to limit its consideration to materials cited by the parties in support or in opposition to the motion. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001); Fed. R. Civ. P. 56(e) (requiring that an adverse party's response set forth specific facts establishing a genuine issue). NSC argues the Court should allow it to rely on St. Paul's evidence or argument out of fairness.

But it does not seem fair to allow NSC a second bite at the apple on a motion for reconsideration after its legal arguments failed on summary judgment, or to allow NSC to rely on St. Paul's evidence of exposed damage, where NSC's own expert indicated that the damage was "concealed." (*See* Dkt. No. 80-1 at 102.)

Second, NSC argues that it was unfair for the Court to deny its motion for summary judgment on its commencement clause defense while granting the Association's motion on the suit limitation clause defense. (Dkt. Nos. 118 at 2, 123 at 4.) NSC asserts that the Court gave the Association an opportunity to come up with a new method to identify the commencement of new damage at trial, while denying NSC the opportunity to present new evidence of conclusion of that damage at trial. This position misconstrues the Court's summary judgment order. The Court did not, as NSC suggests, hold that the Association must "identify the time and location of the new damage" or "areas of damage [specific] to a particular policy period" to satisfy NSC's commencing condition. (Dkt. Nos. 118 at 2, 123 at 3.) Rather, the Court determined that the Association must "identify instances of new damage" during the policy period. (Dkt. No. 116 at 9.) Plaintiff's expert opined that instances of new damage occurred during each rain event meeting specific parameters, which occurred in the years NSC provided coverage. (*See id.*; Dkt. No. 89 at 9.) The Court concluded that from this evidence, a reasonable juror could find new damage commenced during NSC's coverage. *Accord Eagle Harbour Condo. Ass'n v. Allstate Ins. Co.*, No. C15-5312-RBL, slip op. at 6 (W.D. Wash. Apr. 10, 2017) (interpreting a similar "commencing" condition). In contrast, NSC presented no evidence on summary judgment to show that the Association's resulting loss concluded prior to 2014. NSC fails to show manifest error in the Court's ruling.

For the foregoing reasons, National Surety Corporation's motion for reconsideration (Dkt. No. 118) is DENIED.

//

//

DATED this 3rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE